[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant in the instant matter has filed a motion for summary judgment, arguing that she is entitled to judgment because the plaintiffs have filed the action after the expiration of the statute of limitations. The plaintiffs argue that their suit may be saved under the Connecticut Accidental of Failure Statute, § 52-592.[1] For the following reasons, this court must hold that the plaintiffs' action is barred by the Connecticut Statute of Limitation.
The procedural background is as follows. The parties were involved in an automobile collision on July 18, 1998. The plaintiffs initially filed CT Page 6383 an action suit against the defendant, a Pennsylvania resident, in Federal Court on July 6, 2000. Summary judgment was granted on November 29, 2000 against the plaintiffs for failing to serve the defendant in that action. The plaintiffs commenced the instant action in March, 2001.
The defendant argues that the instant action was brought after the expiration of the statute of limitations. The plaintiffs do not dispute this. The defendant also argues that because service was never attempted in the federal action, that action can not be deemed to have been commenced as required in the Accidental Failure of Suit statute. Therefore, the defendant contends that the plaintiffs action is barred by the statute of limitations. The plaintiffs dispute this.
The plaintiffs rely on the following facts to support their position that this case is precisely the type which the Accidental Failure of Suit statute was drafted to save. On July 6, 2000, the plaintiffs filed a complaint in Federal Court. On July 14, 2000, the plaintiffs mailed to the defendant, by certified mail, the Complaint, Summons, Notice and Request of Waiver of Service of Summons and Waiver of Service of Summons. The defendant never returned the Waiver of Service. The plaintiffs never formally served the complaint on the defendant. Rather, the plaintiffs relied upon the Federal law and rules which urge defendants to cooperate in waiving service where possible in order to lower court costs.
Pursuant to Federal Rules and Federal Law, a plaintiff may send to a defendant a waiver of service form, and the defendant has a duty to cooperate in the avoidance of costs. The defendant "who receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons." Fed.R.Civ.Proc. 4(d)(2). A defendant who fails to comply with this rule is subject to the imposition of "the costs subsequently incurred in effecting service on the defendant." Id.
The plaintiffs argue that because the defendant had a duty to waive service of summons, in order to minimize the costs for the plaintiffs, the defendant cannot now hide behind the lack of service as a bar to the initiation of a timely filed action. Unfortunately, the plaintiffs argument lacks merit. The language of the federal rules is clear. A plaintiff must effectuate service. The failure to return a Waiver of Service does not relieve the plaintiff of this obligation. Further, under Connecticut law, even where service is not effectuated, an attempt must have been made. This Court (Doherty, J.) in Crichton v. Noore, held that at least an attempt at service must be made in order to activate the Accidental Failure of Suit Statute.[2] Superior Court, Judicial District of Waterbury, docket no. 159031 (March 23, 2001) The plaintiff CT Page 6384 erroneously relied on the failure of the defendant to return the Waiver of Service as a sufficient substitute for proper service.
Though this court adheres to the principle that the Accidental Failure of Suit Statute must be given a liberal and broad interpretation and application, under the present facts it is impossible to conclude that the initial action was commenced, within the meaning of Connecticut Statutes. Consequently, the plaintiffs have filed this action too late. The statute of limitation has expired and the Accidental Failure of Suit does not save the plaintiffs cause of actions against the defendant.
For the foregoing reason, the defendant's motion is granted.
 ___________________ Angela C. Robinson-Thomas, Judge